IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| W. SCOTT PORTERFIELD, as Receiver for AA Capital Partners, Inc., ) ) ) Plaintiff, ) ) ) v. ) ) JOHN A. ORECCHIO and ) PAUL W. OLIVER, JR., ) ) ) Defendants. ) | No. 07 C 3654<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff W. Scott Porterfield, as court appointed receiver for AA Capital Partners, Inc. ("AA Capital"), has sued AA Capital's shareholders, directors and officers, John Orecchio and Paul Oliver, Jr., for breach of their fiduciary duties under both the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and Delaware state law. Counts I through III and VIII through XII allege claims only against Orecchio; Counts IV through VII allege claims only against Oliver. Both Oliver and Orecchio have moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons discussed below, Oliver's motion is granted in part and denied in part. Orecchio's motion is denied.

## BACKGROUND

Defendants formed AA Capital as a Delaware corporation in February 2002. Defendants were the only directors and shareholders. Orecchio was president and secretary and Oliver was chairman of the board and treasurer. AA Capital is registered with the Securities Exchange Commission ("SEC") as an investment advisor under the Investment Advisors Act.

AA Capital solicited six investor clients, each of which was an employee benefit plan as defined in § 3(2) of ERISA (the "client investors"). Each client investor entered into an investment management agreement with AA Capital. AA Capital created several investment funds: (1) AA Capital Equity Fund LP ("Fund I"); (2) AA Capital Equity Fund II ("Fund II:) and (3) Brush Monroe Partners LLP ("Brush Monroe Fund"). Each fund was set up as a Delaware limited partnership, with the client investors receiving limited partnership interests for their investments. Each fund/limited partnership had a Delaware limited liability company as its general partner. The members of the general partner were officers and employees of AA Capital. The general partners were managed by managing members which included Orecchio for each fund and Oliver for Fund I.

When each of the client investors became an AA Capital client, it deposited the full amount of its investment commitment with AA Capital. AA Capital set up and maintained separate investment trust accounts for each investor to hold the invested monies until such time as a fund in which AA Capital had placed that particular investor required money to meet an investment commitment or other cash flow needs. The funds could, under the management agreement, call capital from the investor trust accounts for three purposes: (1) investments by the fund; (2) management fees; or (3) overhead expenses of the fund.

On September 8, 2006, the SEC brought an emergency enforcement action against AA Capital and Orecchio, alleging that Orecchio and AA Capital defrauded AA Capital's investment clients by misappropriating at least $10.7 million from the investment accounts and using the money as their own. The court appointed plaintiff as receiver of AA Capital on September 13, 2006.

**DISCUSSION**

Both defendants have moved to dismiss the entire complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The purpose of such a motion to dismiss is to test the sufficiency of a complaint, not to decide the merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal notice pleading "requires only a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, __ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955 (2007). Specific facts are not necessary and the statement need only give the defendant fair notice of what the claim is and the grounds on which it rests. Id. The court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff. "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic, 127 S.Ct. at 1964-65.

**Oliver's Motion to Dismiss**

In Count IV plaintiff alleges that Oliver violated ERISA by failing to ensure that :(1) AA Capital and Orecchio discharged their fiduciary duties for the exclusive purpose of providing benefits to ERISA governed plans managed by AA Capital; and (2) AA Capital and Orecchio exercised care, skill, and diligence in handling the assets of ERISA governed plans managed by AA Capital. Oliver has moved to dismiss Count IV, arguing that the claim is deficient for several reasons. First, Oliver argues that plaintiff has not and cannot allege that Oliver owed any fiduciary duty under ERISA to the investor funds. Next, Oliver argues that even if he was an ERISA fiduciary, his alleged failure to detect Orecchio's misconduct and to implement internal controls at AA Capital cannot constitute a breach of any duty owed to the investor plans.

Finally, Oliver argues that plaintiff, as receiver, does not have authority to invoke § 409 (29 U.S.C. § 1109) to seek damages on behalf of the investors. The court rejects each of these arguments.

First, ERISA provides that a person is a fiduciary with respect to a plan to the extent "(i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "(ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any monies or other property of such plan, or has any authority or responsibility to do so." 29 U.S.C. § 1002(21)(A)(i), (ii). AA Capital is undisputedly a fiduciary because it manages ERISA governed funds and rendered investment advice for a fee. Plaintiff has alleged that Oliver "as one of the corporate officers and directors who carried out the fiduciary functions of AA Capital, is himself a fiduciary . . . because he exercised discretionary authority and control over the assets of the ERISA governed plans managed by AA Capital."

Oliver argues that plaintiff's allegation is too general, merely tracking the language of the statute. According to Oliver, to be deemed a fiduciary an investment advisor must render advice pursuant to an agreement, be paid for the advice, and have influence approaching control over the plan's investment decisions. Oliver argues that the complaint makes no such allegations against him individually, and therefore seeks to deem Oliver a fiduciary merely because of his status as a corporate officer and director of AA Capital. Relying on Confer v. Custom Engineering Co., 952 F.2d 34, 37 (3d Cir. 1991), which held that "when an ERISA plan names a corporation as a fiduciary, the officers who exercise discretion on behalf of that corporation are not fiduciaries within the meaning of § 3(21)(A)(iii) unless it can be shown that these officers

4

have <u>individual</u> discretionary roles as to plan administration," (emphasis in original), Oliver argues that his mere status as a corporate officer of a fiduciary does not automatically render him individually a fiduciary. According to Oliver, <u>Confer</u> requires that plaintiff allege that AA Capital individually designated Oliver to perform its fiduciary functions for him to be personally deemed a fiduciary.

The viability of <u>Confer</u> is questionable, however, after the Supreme Court's opinion in <u>Mertens v. Hewitt Associates</u>, 508 U.S. 248, 262 (1993), in which the Court explained that ERISA defines fiduciary "not in terms of formal trusteeship, but in <u>functional</u> terms of control and authority over the plan . . . thus expanding the universe of persons subject to fiduciary duties and to damages under § 409(a)." (Emphasis in original); <u>See</u> <u>Chao v. Crouse</u>, 346 F. Supp. 2d 975 (S.D. Ind. 2004); <u>Kayes v. Pacific Lumber Co.</u>, 51 F.3d 1449 (9th Cir. 1995). Fiduciary status rests on an objective evaluation of the function performed. <u>Kayes</u>, 51 F.3d at 1461. The complaint alleges that Oliver exercised discretionary authority and control over the client investors' assets managed by AA Capital. Oliver argues that he had no authority over the individual funds into which the client investor assets were put, but to make this argument he submits facts outside of the complaint which the court cannot consider on a Rule 12(b)(6) motion. Indeed, a determination as to what extent an alleged fiduciary exercised control of ERISA plan assets is typically premature at the motion to dismiss stage because the court lacks sufficient facts to make the necessary analysis. <u>Smith v. Aon Corp.</u>, 2006 WL 1006052 at *4 (N.D. Ill. 2006). At the pleading stage, plaintiff has alleged, though barely, that Oliver exercised sufficient control. He makes these allegations fully cognizant of the prescriptions of Fed. R. Civ. P. 11. As stated the complaint is sufficient to allege fiduciary status.

Oliver next argues that even if he is properly alleged to be a fiduciary, Count IV fails to allege that he breached any duties owed under ERISA. According to Oliver, the only wrongdoing alleged against him in the complaint is that he "failed to implement adequate internal controls at AA Capital and adequately monitor AA Capital's books and records." Because under ERISA a person is a fiduciary with respect to a plan only to the extent that he exercises any discretionary authority or discretionary control over plan assets, Oliver argues that the alleged failures are not breaches of any fiduciary duty owed to the plan participants, but rather breaches of duty owed to AA Capital.

If he was an ERISA fiduciary, however, Oliver was required to discharge his duties for the exclusive purpose of providing benefits to the ERISA governed plans managed by AA Capital. The complaint alleges that in exercising his authority over the investor plan assets, Oliver, by a lack of diligence, allowed Orecchio to commit the alleged misappropriations. Whether the facts support these allegations is to be determined at another stage of the litigation. Plaintiff's claims that Oliver failed to exercise his own discretion to prevent Orecchio's indiscretions are sufficient, though barely, to allege a breach of fiduciary duty owed to the investor funds.

Finally, with respect to Count IV, Oliver argues that plaintiff lacks standing to sue him under § 409 (29 U.S.C. § 1109) because plaintiff is not the receiver for the investors and because he brings his claim under § 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)), which authorizes only equitable relief. With respect to Oliver's first argument, plaintiff is the receiver of AA Capital. AA Capital is unquestionably an ERISA fiduciary to the investor plans. Thus, plaintiff has standing under § 1132 to sue Oliver under § 1109 for breach of fiduciary duty. Oliver is correct

6

that recovery under § 502(a)(3) is limited to equitable relief and that the relief requested by plaintiff is more in the nature of legal relief than restitution. See Mertens, 508 U.S. at 258. It is a hollow victory, however, because Oliver has suggested no impediment to plaintiff's ability to bring a claim against him under § 502(a)(2), which clearly authorizes recovery of the damages sought. Accordingly, Oliver's motion to dismiss Count IV is granted, and plaintiff is granted leave to replead Count IV to allege recovery under § 502(a)(2).

In Counts V, VI and VII, plaintiff alleges state law claims that Oliver breached: (1) his duty of care to protect the investments of AA Capital; (2) his duty of loyalty to protect the interests of AA Capital; and (3) his duty to prevent corporate waste. Oliver argues that these counts are barred by Delaware law. Under Delaware law, a corporation has the power to eliminate a director's personal liability for monetary damages for breach of fiduciary duty as a director. 8 Del. Code § 102(b)(7). Specifically, § 102(b)(7) provides that certificate of incorporation may include:

> A provision eliminating or limiting the personal liability of a director to the corporation or its stockholders for monetary damages for breach of fiduciary duty as a director, provided that such provision shall not eliminate or limit the liability of a director: (i) for any breach of the director's duty of loyalty to the corporation or its stockholders; (ii) for acts or omission not in good faith or which involve intentional misconduct or knowing violations of the law . . . ; or (iv) for any transaction from which the director derived an improper personal benefit . . . ..

AA Capital's Certificate of Incorporation expressly references § 102(b)(7) and provides: "the personal liability of directors of the corporation is hereby eliminated to the fullest extent permitted by Section 102(b)(7)." Therefore, Oliver argues that the certificate bars all of plaintiff's state law fiduciary duty claims because they are asserted against him in his capacity as director of AA Capital. Of course, § 102(b)(7) does not bar breach of fiduciary claims against

7

officers, and plaintiff sues Oliver in his capacity as an officer as well as a director. Whether the actions or inactions alleged against Oliver were taken in his capacity as officer or director, both, or neither, cannot be determined at the pleading stage. Additionally, "where a director consciously ignores his or her duties to the corporation, thereby causing economic injury to the stockholders, the director's actions are either not in good faith or involve intentional misconduct," and thus fall outside the liability waiver of § 102(b)(7). In re Walt Disney Co. Derivative Litigation, 825 A.2d 275, 290 (Del. Ch. 2003).

Next, Oliver argues that a breach of loyalty claim must allege that the director acted in his own personal interest rather than that of the corporation. That is simply wrong. "A breach of loyalty claim is not dependent upon a showing of self-dealing or a showing that a fiduciary 'received a personal benefit not shared by all shareholders.'" Mann v. GTCR Golder Rauner, LLC, 43 F. Supp. 2d 884, 900-01 (D. Ariz. 2000) (applying Delaware law).

Oliver also argues that the waste claim (Count VII) should be dismissed because it does not allege that Oliver authorized or approved the challenged transactions. "Directors are guilty of corporate waste only when they authorize an exchange that is so one-sided that no business person of ordinary, sound judgment could conclude that the corporation has received adequate compensation." Glazer v. Zapata Corp., 658 A.2d 176, 183 (Del. Ch. 1993). As Oliver points out, the complaint not only fails to allege that he approved of Orecchio's actions, it fails to allege that he was even aware of and chose to ignore them. Accordingly, Count VII fails to state a claim.

Finally, Oliver argues that plaintiff has alleged no damages to AA Capital and that plaintiff does not have authority to sue to collect the damages to the investors. This argument

was specifically rejected in Quilling v. National City Bank of Michigan/Illinois, 2001 WL 1516732. Like the investment company in Quilliang, AA Capital is alleged to be an instrumentality of the fraud. Freed of that taint by the appointment of the receiver, AA Capital is entitled to return of the money for the benefit of the innocent investors. Id. (Relying on Sholes v. Lehmann, 56 F.3d 750, 753 (7th Cir. 1995)). Accordingly, the court rejects Oliver's argument that plaintiff does not have the authority to collect damages.

**Orecchio's Motion to Dismiss**

Orecchio's motion adopts the arguments raised by Oliver and contains no other arguments. Therefore, his motion to dismiss is denied for the same reasons that Oliver's motion to dismiss is denied. In addition, Count X, which alleges corporate waste against Orecchio, states a claim because it alleges that Orecchio authorized the challenged transactions.

## CONCLUSION

For the reasons discussed above, Oliver's motion to dismiss is granted as to Count IV and VII and denied in all other respects. Plaintiff is granted leave to amend Count IV as stated above. Orecchio's motion to dismiss is denied.

**ENTER:** **January 9, 2008**

_____
**Robert W. Gettleman**
**United States District Judge**

9